### William GOURGY, Plaintiff–Appellant,

v.

### METRO NASHVILLE AIRPORT AUTHORITY, Defendant–Appellee.

### No. 02–6001.

United States Court of Appeals, Sixth Circuit.

May 2, 2003.

Before MOORE and ROGERS, Circuit

Judges; and KATZ, District Judge.*

### ORDER

William Gourgy appeals pro se from a district court judgment dismissing a discrimination case that he filed under the 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Gourgy alleged that he was discharged from his position with the Metropolitan Nashville Airport Authority ("MNAA"), after he requested that his work schedule be changed because he has diabetes and respiratory problems. He alleged that the MNAA's refusal to move him to a different shift and its decision to terminate him was based on race and disability discrimination. The MNAA moved for summary judgment asserting that Gourgy had been discharged for providing misleading information on his employment application. The district court awarded summary judgment to the MNAA on July 16, 2002, and it is from this judgment that Gourgy now appeals.

We review an award of summary judgment *de novo. Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 882 (6th Cir.1996). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Gourgy's brief does not contain any specific challenge to the district court's rationale for dismissing the claims of racial discrimination that he brought under Title VII and 42 U.S.C. § 1981. Therefore, he has abandoned these claims for purposes of appellate review. *See id.* at 881.

In his sole remaining claim, Gourgy alleged that the defendants violated the ADA by not making a reasonable accommodation for his disability. To establish a *prima facie* case under the ADA, Gourgy must show: 1) that he has a disability, 2) that he is otherwise qualified to perform the requirements of the job with or without a reasonable accommodation, 3) that he suffered an adverse employment action, 4) that MNAA knew or had reason to know of his disability, and 5) that he was replaced or that his position remained open while MNAA looked for other applicants. *See Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 936 (6th Cir.2000). To meet the first part of this test, Gourgy must show that he has a physical impairment that curtails a major life activity. *See id.*

> If the plaintiff establishes the elements for a prima facie case, the burden then shifts to the defendant to set forth a legitimate, nondiscriminatory reason for the adverse employment action it took against the plaintiff. If the defendant carries that burden of production, plaintiff must then prove "by a preponderance of the evidence" that the defendant's proffered reasons were not its true reasons, but were merely a pretext for illegal discrimination.

*Kocsis*, 97 F.3d at 883 (citation omitted).

Gourgy's ADA claim was properly dismissed because he did not effectively counter the MNAA's well-supported motion for summary judgment. The MNAA pointed to the testimony of Gourgy's treating physician, Dr. Knowles, which indicated that he was not substantially limit-

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

ed in any major life activity. *See Toyota Motor Mfg. v. Williams,* 534 U.S. 184, 195–98, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). Gourgy now argues that the district court did not correctly determine the impact of his health problems on his major life activities. However, he has not cited any evidence that might undermine Dr. Knowles's testimony. The MNAA also submitted evidence indicating that Gourgy was discharged for providing inaccurate or incomplete information on his employment application. Thus, his claim also fails because he has not shown that the MNAA's stated reason for discharging him was pretextual. *See Kocsis,* 97 F.3d at 883–84.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The MNAA's request for costs is denied as premature. *See* Fed. R.App. P. 39.